# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CENTRAL BOAT RENTALS, INC. | CIVIL ACTION |
| VERSUS | NO.  23-2861 |
| HARBOR DREDGING, INC., ET AL. | SECTION: "O" (3) |

## ORDER AND REASONS

Before the Court is Plaintiff Central Boat Rentals, Inc.'s ("Central Boat") second Motion for Leave to Amend its Complaint.[1] Third-Party Defendant Stolt Tankers USA, Inc. ("Stolt") opposes the Motion,[2] and Central Boat has filed a reply memorandum.[3] The Court heard the parties at oral argument on September 24, 2024.[4] For the following reasons, the Motion is **DENIED**.

## I.    Background

Harbor Dredging, Inc. ("Harbor Dredging") chartered several barges from Central Boat for use in a Texas dredging project that Stolt had contracted it to complete.[5] After its invoices went unpaid, Central Boat sued Harbor Dredging.[6] Harbor Dredging then filed a third-party complaint against Stolt alleging it had not been fully compensated for its work on the project.[7] Ultimately, a preliminary default

---

[1] R. Doc. 124.
[2] R. Doc. 139.
[3] R. Doc. 146.
[4] R. Doc. 148.
[5] R. Docs. 1 at 2, 20 at 1.
[6] R. Doc. 1 at 6. Central Boat also named as a defendant Port Bolivar Marine Service, Inc., but those claims are not at issue in the present motion.
[7] R. Doc. 23.

was entered against Harbor Dredging as a result of its failure to comply with the District Court's directive to enroll counsel by June 26, 2024.[8] When Harbor Dredging failed to meet this deadline, Central Boat filed its first untimely motion seeking leave to amend its complaint to assert an oblique action under Louisiana law.[9]

A creature unique to Louisiana in the United States, the oblique action provides:

> If an obligor causes or increases his insolvency by failing to exercise a right, the obligee may exercise it himself, unless the right is strictly personal to the obligor.
>
> For that purpose, the obligee must join in the suit his obligor and the third person against whom that right is asserted.

La. Civ. Code art. 2044. Central Boat argued Harbor Dredging's failure to retain counsel to prosecute its claims against Stolt caused or increased Harbor Dredging's insolvency, rendering Central Boat an aggrieved obligee entitled to bring an oblique action against both Harbor Dredging and Stolt.[10] The Court denied Central Boat's motion, however, determining amendment to raise a Louisiana state law claim would be futile because this issue is governed by Texas law.[11]

Central Boat now moves the Court again for leave to amend its complaint. Central Boal does not seek reconsideration of the prior ruling. Nor could it. The motion's arguments are new.  Specifically, Central Boat argues that the application of Texas law notwithstanding, that it may still assert a Louisiana oblique action

---

[8] R. Doc. 133; *see also* R. Docs. 100, 135.
[9] R. Doc. 103.
[10] Doc. 103 at 1.
[11] R. Doc. 121.

under Federal Rule of Civil Procedure 64 or Rule B of the Supplemental Rules for Admiralty or Maritime Claims.[12] It also seeks to raise a Texas law claim for the appointment of a receiver to act on behalf of Harbor Dredging in pursuing its claims against Stolt.[13] In opposition, Stolt argues, *inter alia*, that Central Boat has not shown good cause for this second untimely attempt to amend its complaint.[14]

## II.    LAW AND ANALYSIS

Rule 15(a) sets forth a permissive standard for amendment of a complaint.  But when, as here, a party's request to amend pleadings is beyond the scheduling order deadline, the moving party must establish good cause to extend that deadline. *See S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003). In such a case, "[o]nly after the Court finds that the good cause standard is satisfied under Rule 16(b) will the 'more permissive' Rule 15(a) standard apply." *Jackson v. Gray*, 345 F.R.D. 597, 607 (E.D. La. 2024) (quoting *Butler v. Taser Intern., Inc.*, 535 F. App'x 371, 372 (5th Cir. 2013)). The deadline by which Central Boat may have amended its complaint without showing good cause was November 13, 2023.[15]

"In making its determination of good cause, the Court considers four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Jackson*, 345 F.R.D.

---

[12] R. Doc. 124-1 at 3.
[13] R. Doc. 124-3 at 12–14.
[14] R. Doc. 139 at 3–5.
[15] Doc. 19.

at 607 (citing *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008); *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)). It is well established that a successful showing of good cause requires the "'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enterprises*, 315 F.3d at 335 (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). It is thus "'squarely within'" the Court's discretion to deny leave to amend "if it finds that the plaintiff has not satisfied the first good cause factor by 'account[ing] for its delay.'" *Jackson*, 345 F.R.D. at 608 (quoting *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012)).

Here, Central Boat points out that it filed the present Motion only ten days after the Court determined that Texas law applies to this issue and denied its first motion to amend.[16] But Central Boat offers no explanation for its failure to raise the instant arguments in favor of amendment in that first motion. It can have been no surprise to Central Boat that the Court may conclude Texas law applies given the Texas choice-of-law clause in Harbor Boat's contract with Stolt and the many additional nexuses between Texas and this case.[17] Moreover, Stolt emphasized that Texas law applied in its July 15, 2024 opposition.[18] Central Boat did not raise the arguments in the present Motion in its prior reply[19] or at the prior oral argument.

---

[16] R. Doc. 146 at 2.
[17] *See* R. Doc. 121 at 7–12.
[18] R. Doc. 106.
[19] R. Doc. 108.

4

There is no apparent reason Central Boat could not have sought to raise a claim for the appointment of a receiver in its first motion to amend, nor that it could not have argued that, should the Court hold Texas law to apply, it could still assert a Louisiana oblique action via Rule 64 or Rule B. Central Boat has thus failed to account for this delay and cannot show good cause for the Court to grant its second untimely motion for leave to amend its complaint.[20]

### III.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Central Boat's second Motion for Leave to Amend its Complaint, R. Doc. 124, is **DENIED**.

New Orleans, Louisiana, this 3rd day of October, 2024.

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE

---

[20] While the Court does not reach this issue, it notes that, should the District Court hold, in its broad discretion under Rule 16(b)(4), that Central Boat has shown good cause for modification of the scheduling order, the record at this stage appears inadequate to conclude that Central Boat's proposed amendments would be futile or otherwise fail to meet the standard for amendment under Rule 15(a)(2).