UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CENTRAL BOAT RENTALS, INC.**　　　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　　　　**NO. 23-2861**

**HARBOR DREDGING, INC., ET AL.**　　　　　　　　**SECTION "O"**

ORDER AND REASONS

Before the Court is the motion[1] to continue trial date and extend deadlines by Plaintiff Central Boat Rentals, Inc. ("Central Boat"). Third-Party Defendant/Defendant Stolt Tankers, USA ("Stolt") opposes[2] the motion to continue. Plaintiff filed a reply[3] in further support of its motion. For the following reasons, the motion will be denied without prejudice.

**I.　BACKGROUND**

A brief summary of this maritime matter's procedural history contextualizes Plaintiff's motion to continue the February 2, 2026 bench trial and pretrial deadlines.

Alleging claims for breach of a charter party and open account, Plaintiff Central Boat sued[4] Port Bolivar Marine Services, Inc. ("Port Bolivar") and Harbor Dredging, Inc. ("Harbor Dredging"), which filed a third-party demand[5] against Stolt; in its third-party demand, Harbor Dredging, which allegedly utilized towing services and chartered barges from Central Boat for use in Stolt's dredging project in Texas,

---

[1] ECF No. 207.
[2] ECF No. 212.
[3] ECF No. 214.
[4] ECF No. 1.
[5] ECF No. 23. Harbor Dredging alleged unjust enrichment and breach of an oral contract relating to the scope of dredging services Harbor Dredging allegedly provided to Stolt. Port Bolivar filed a crossclaim against Harbor Dredging. ECF No. 25.

impleaded Stolt as a defendant (in which Harbor Dredging demanded judgment for both Harbor Dredging and Central Boat against Stolt), thus tendering Stolt as a defendant to Central Boat under Rule 14(c) of the Federal Rules of Civil Procedure.[6]

Originally proceeding under scheduling order issued by another section of this Court until the case was transferred to the undersigned, the parties have engaged in motion practice and discovery, which was hindered when Harbor Dredging's counsel withdrew and no new counsel enrolled, in spite of deadlines requiring the same.[7] In May 2024, the Court granted Central Boat's request for additional time to conduct discovery and extended the discovery deadline.[8] Ultimately, following a status conference in June 2024, the Court granted—over Stolt's objection—Central Boat's motion to continue the trial and pretrial discovery deadlines given Central Boat's contention that "the parties have been deprived of the ability to depose a critical witness[,]" Harbor Dredging's corporate representative, Ronald Maturin.[9]

Since granting the continuance, motion practice has continued. Additionally, Stolt has moved for a default judgment as to Harbor Dredging.[10] Central Boat has obtained a default judgment against Harbor Dredging.[11] In October 2024, the Court

---

[6] *See* ECF No. 23.
[7] ECF Nos. 48, 100.
[8] ECF No. 77.
[9] ECF Nos. 85 (Central Boat's motion to continue), 89 (Stolt's opposition to Central Boat's motion to continue), 100 (Minute Entry and Order). In its Order, the Court specifically reopened "discovery deadlines for the limited purpose of allowing the parties to conduct depositions of Harbor Dredging, Inc.'s corporate representative and Roland Maturin, and for Harbor Dredging, Inc. to produce discovery." ECF No. 100.
[10] ECF No. 138.
[11] ECF No. 172. The default judgment (i) enters judgment against Harbor Dredging in Central Boat's favor in the full amount of its claim for a total judgment of $763,735.13 plus interest; and (ii) preserves Stolt's rights and defenses.

approved and entered a consent judgment between Central Boat and Port Bolivar in which judgment for the full amount of Central Boat's claim, $763,735.13, plus interest, was entered against Port Bolivar and in favor of Central Boat.[12] Recently, Central Boat has availed itself of judgment collection remedies to recover on the judgment(s) it has obtained, for example, by obtaining writs of *fieri facias* and garnishment.[13] And, on June 3, 2025, Harbor Dredging's corporate representative, Ronald Maturin, testified during a Judgment Debtor Exam.[14]

Almost one year after granting Central Boat's motion to continue the trial and discovery deadlines, on May 16, 2025, the Court issued the new scheduling order, which imposed an August 14, 2025 cutoff date for limited discovery and set a bench trial for February 2, 2026.[15] On the August 14 cutoff date, Central Boat moved to compel Harbor Dredging's representative's deposition; in the motion, Central Boat indicated that it had not received any response when it contacted Harbor Dredging during the first and second weeks of August 2025.[16] Magistrate Judge Dossier denied the motion without prejudice, to be re-urged if the Court extended the discovery deadline.[17]

Now, citing the recent death of Harbor Dredging's corporate representative, Roland Maturin, Central Boat moves to continue the trial and related deadlines,

---

[12] ECF No. 151 (order granting ECF No. 117, joint motion for entry of consent judgment).
[13] ECF Nos. 192, 193, 213, 217-19.
[14] ECF No. 191.
[15] ECF No. 188. The scheduling conference was set upon Stolt's motion requesting the same. *See* ECF Nos. 176 (motion) and 178 (ordering granting motion).
[16] ECF No. 196. Stolt opposed Central Boat's motion. *See* ECF No. 198.
[17] ECF No. 199.

contending that a continuance is necessary "while the parties determine who will serve as Harbor Dredging's representative going forward and assess how this case should proceed."[18] Central Boat suggests that a continuance "will allow all parties to regroup, assess how to move forward, and determine whether repayment by judgment debtor Port Bolivar Marine Services through seized assets now before the Court . . . may moot the need to prosecute Central Boat's claims against Stolt in whole or in part."[19] Stolt opposes any continuance because Central Boat failed to diligently pursue the very "critical" and "key" discovery predicating Central Boat's prior continuance request, which was granted so Central Boat could pursue just that.[20] Central Boat replies that no individual may act as a representative of Harbor Dredging and it accordingly "intends to renew its motion to appoint a receiver for Harbor Dredging."[21]

## II. LAW AND ANALYSIS

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To assess whether Plaintiff has shown good cause under Rule 16(b)(4) to continue the February 2026 jury trial, the Court considers "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos.*,

---

[18] ECF No. 207-1 at 1.
[19] *Id.* at 2-3.
[20] ECF No. 212.
[21] ECF No. 214.

4

782 F.3d 224, 237 (5th Cir. 2015) (alterations in original) (internal quotation marks and citation omitted).

Applying those Rule 16(b)(4) factors here, Plaintiff Central Boat fails to show good cause to continue the February 2026 bench trial and related deadlines. In its second request to continue the trial schedule (and third request to continue pretrial deadlines), Central Boat recites the good cause factors but fails meaningfully to apply them. Instead, Central Boat repackages its same arguments advanced in support of its first motion to continue the trial.[22] This time, good cause is absent.

None of the factors support Central Boat's continuance request. Central Boat fails to demonstrate why it could not obtain the requisite discovery in advance of the generous extensions previously granted for the same purpose. First, insofar as Central Boat proffers an explanation for its failure to depose Harbor Dredging's corporate representative before August 14, the explanation (that it "was unable to complete a deposition" sooner because Harbor Dredging's corporate representative's health declined and ultimately died) rings hollow. Central Boat did not contact Harbor Dredging or Mr. Maturin to schedule his deposition until one week before the twice-extended discovery deadline. Though Central Boat has had ample time to conduct discovery, it fails to explain why Mr. Maturin—whose health declined in August 2025—was not deposed sooner, in advance of the latest (or any prior) discovery deadline.[23] Having granted Central Boat's motion to continue the prior trial schedule so that Central Boat could conduct this very discovery more than one year

---

[22] ECF Nos. 85 and 207.
[23] Indeed, he appeared for a judgment debtor exam in June.

ago indicates that Central Boat failed to diligently pursue the discovery it now contends supports the instant motion to continue.

The second factor, the importance of modifying the scheduling order, also disfavors a continuance, particularly of the bench trial date. Central Boat's ostensibly weak and tardy efforts to obtain the evidence it labels "critical" belies its suggestion that such evidence is indeed important enough to justify upsetting twice-extended deadlines and the trial. What is more, Central Boat appears to change course in its reply, contending that there is no corporate representative for Harbor Dredging now that Mr. Maturin has died so it "intends to renew its motion to appoint a receiver for Harbor Dredging."[24] Still, Central Boat fails to demonstrate how modifying the pretrial schedule and February 2, 2026 bench trial date is important to facilitating this renewed intention.

Nor do the third and fourth factors support a continuance of the trial schedule. Central Boat does not address the potential prejudice that would befall Stolt in granting another continuance. For its part, Stolt indicates that granting a continuance would amplify, not cure, the prejudice to Stolt, which "has been diligently seeking the resolution of this lawsuit since its inception."[25] Again, and critically, Central Boat got what it requested last time—more time to depose and issue fact

---

[24] Central Boat concedes that it has "made inquiries to determine whether a succession representative will be appointed or another individual will take over as acting member of manager of Harbor Dredging[.]" ECF No. 207-1 at 2. And Stolt points out that when Mr. Maturin appeared for a judgment debtor exam on June 3, 2025, he testified that Keith Marks was still a shareholder of Harbor Dredging. ECF No. 212 and 212-1. Though Central Boat now replies that it has since confirmed that no other individuals could act as representatives of Harbor Dredging such that it "intends to renew its motion to appoint a receiver for Harbor Dredging[,]" Central Boat fails to suggest how this supports continuing the discovery deadline and February 2026 trial. ECF No. 214.

[25] ECF No. 212 at 8.

discovery to Harbor Dredging—but remains in the same predicament (no discovery from Harbor Dredging), having failed to diligently pursue the outstanding discovery predicating its prior motion to continue and now the instant one.[26] Even if the Court assumes *arguendo* that it is Central Boat that will be prejudiced by its inability to propound discovery on Harbor Dredging and that a continuance may alleviate in some minor fashion that prejudice,[27] Central Boat fails to persuade the Court how such self-inflicted prejudice could be alleviated or how it outweighs the prejudice Stolt would suffer if another continuance is granted. Furthermore, given that Central Boat failed to promptly seek the very discovery it insists necessitates a continuance, and now claims that it will be unable to obtain that discovery regardless of any continuance, Central Boat fails to indicate what a continuance will achieve (beyond delay).

The Court "must have the power to control [its] docket[] by holding litigants to a schedule." *Shepherd ex rel Est. of Shepherd v. City of Shreveport*, 920 F.3d 278, 288 (5th Cir. 2019); *accord, e.g.*, S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 536-37 (5th Cir. 2003) (affirming district court's denial of continuance request that would have "unnecessarily delay[ed]" trial). Central Boat fails to demonstrate good cause to support a continuance of any deadlines or the bench trial. Though it obtained a prior continuance more than one year ago, Central Boat waited

---

[26] Central Boat focuses on the fact "that Maturin had been incapacitated in August 2025 . . . but appeared to be improving before his untimely passing." ECF No. 214. But this focus on August 2025—when the twice extended discovery deadline expired—fails to account for why this "critical" discovery had not been sought before the deadline (again) expired.

[27] This premise is undermined by Central Boat's reply which effectively concedes that there is no individual who could act as a representative of Harbor Dredging. ECF No. 214.

7

until the eve of the twice-extended discovery deadline to attempt to schedule the deposition it claims it needed (and now can never take). The Court is not persuaded that granting the relief Central Boat seeks—which includes continuing a bench trial scheduled to begin in nearly three months—is warranted; rather, it appears that granting any such relief would be futile.

Accordingly,

**IT IS ORDERED** that Plaintiff Central Boat Rental, Inc.'s motion[28] to continue the trial date and certain pre-trial discovery deadlines is **DENIED without prejudice.**

New Orleans, Louisiana, this 10th day of November, 2025.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[28] ECF No. 207.